UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DENNIS DALE BAKER,
    Debtor.                                  No. 7-07-12292 SR

YOUNG INSURANCE AGENCY, INC.,
    Plaintiff,
v.                                              Adv. No. 07-1136 S

DENNIS BAKER,
    Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss (doc 5) and Brief in Support (doc 6), Plaintiff's Response and Memorandum in Opposition (doc 9) and Defendant's Reply (doc 11). Plaintiff appears through its attorney Eric D. Dixon. Defendant appears through his attorney Wesley O. Pool. This is a core proceeding to determine dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I).

## STANDARDS FOR MOTION TO DISMISS

Bankruptcy Rule 7012 adopts Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a complaint for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and construe the complaint in favor of the plaintiff. Ash Creek Mining v. Lujan, 969 F.2d 868, 870 (10th Cir. 1992). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). And, while a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations it does need to provide the grounds for relief, which requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007).

**PLAINTIFF'S COMPLAINT**

Plaintiff's complaint is filed under Bankruptcy Code sections 523(a)(2), (4) and (6). The first three paragraphs identify the parties and allege that Plaintiff is a creditor. Paragraph 4 describes a state court lawsuit that was tried pre-petition and resulted in a verdict in favor of Plaintiff for Defendant's intentional violation of a covenant not to compete. Damages of $28,459 were awarded. The state court's Decision and Findings of Fact and Conclusions of Law are incorporated as Exhibit 1[1]. Paragraph 5 states that Judgment was entered pre-

---

[1] The Court has considered Exhibits 1 and 2 to the Complaint, and has excluded consideration of Exhibit A attached to Defendant's Brief in Support of Motion to Dismiss. See Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.") and Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is
(continued...)

Page -2-

Case 07-01136-s    Doc 14    Filed 03/19/08    Entered 03/19/08 11:01:36 Page 2 of 11

petition. The Judgment is incorporated as Exhibit 2. Paragraph 6 cites <u>Grogan v. Garner</u>, 498 U.S. 279 (1991) and alleges that Defendant is collaterally estopped from re-litigating the state court case. Paragraph 7 cites a Massachusetts bankruptcy case and alleges that debtor acted intentionally when he went to work for a competitor despite his covenant not to compete. Paragraph 8 alleges that the debt is non-dischargeable under § 523(a)(2), (4) and (6). Plaintiff also seeks costs and attorney fees.

**THE STATUTE**

Section 523 provides, in part, as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt --
...
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
...
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
...
[or]
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

**Section 523(a)(2)**

---

[1](...continued)
pertinent to the motion." See also <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1112 (10th Cir. 1991)("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.")

Page -3-

To establish that a claim is nondischargeable under Section 523(a)(2), the creditor must prove: "The debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the debtor's representation caused the creditor to sustain a loss." <u>Fowler Bros. v. Young (In re Young)</u>, 91 F.3d 1367, 1373 (10th Cir. 1996). The Supreme Court, however, has ruled that the reliance need not be reasonable, but only "justifiable." <u>Field v. Mans</u>, 516 U.S. 59, 74-75 (1995).

Nowhere does the complaint (or attachments) allege or refer to any false representation, reliance, or justifiability of any reliance. And, nowhere does it allege that any representation caused any loss to Plaintiff. The complaint fails to state a claim for relief under section 523(a)(2).

**Section 523(a)(4)**

To establish that a claim is nondischargeable under Section 523(a)(4), the creditor must prove one of three things: 1) fraud or defalcation while acting in a fiduciary capacity, 2) embezzlement, or 3) larceny. Each will be addressed.

<u>Breach of Fiduciary Duty</u>

To establish the breach of fiduciary duty exception to discharge, the creditor must prove: 1) the existence of a fiduciary duty between the debtor and the creditor, and 2) fraud

or defalcation was committed by the debtor in the course of that fiduciary relationship. Smolen v. Hatley (In re Hatley), 227 B.R. 757, 760 (10th Cir. BAP 1998), aff'd, 194 F.3d 1320 (1999) (unpublished) (citing Young, 91 F.3d at 1371).

First, the creditor must establish the fiduciary duty owed by the debtor to the creditor. The existence of a fiduciary duty is a legal question decided under federal law. Young, 91 F.3d at 1371. In Employers Workers' Compensation Assoc. v. Kelley (In re Kelley), 215 B.R. 468, 471-72 (10th Cir. BAP 1997), the Tenth Circuit Bankruptcy Appellate Panel discussed fiduciary duty:

> Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity." The Tenth Circuit recently explained the meaning of "fiduciary capacity" in this provision.
>> The existence of a fiduciary relationship under § 523(a)(4) is determined under federal law. However, state law is relevant to this inquiry. Under this circuit's federal bankruptcy case law, to find that a fiduciary relationship existed under § 523(a)(4), the court must find that the money or property on which the debt at issue was based was entrusted to the debtor. Thus, an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4). Neither a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of dischargeability. "Further, the fiduciary relationship must be shown to exist prior to the creation of the debt in controversy." [Allen v. Romero (In re Romero)], 535 F.2d [618,] 621 [(10th Cir. 1976)].
> Fowler Bros. v. Young (In re Young), 91 F.3d 1367, 1371-72 (10th Cir. 1996)(additional citations omitted). We are, of course, obliged to apply this narrow view of the fiduciaries who are covered by § 523(a)(4).

Page -5-

The Kelley court also noted that state statutes often, but not always, impose trusts on persons held to be fiduciaries as a matter of law based on their relationships. Id. at 473. A state statute must meet three requirements to trigger section 523(a)(4)'s fiduciary status: (1) the trust res must be defined by the statute, (2) the statute must spell out the fiduciary duty, and (3) the statute must impose a trust on funds prior to the act creating the debt. Id.[2]

Nowhere does the complaint (or attachments) allege or refer to any trust, either express or statutory. The Court finds that there was no fiduciary duty owed to Plaintiff under the facts alleged in this case.

Second, if the creditor proves the existence of a fiduciary duty, the creditor must next establish that the debtor committed a fraud or defalcation. "'[D]efalcation' under section 523(a)(4) is a fiduciary-debtor's failure to account for funds that have been entrusted to it due to any breach of a fiduciary duty, whether intentional, wilful, reckless, or negligent." Antlers Roof-Truss & Builders Supply v. Storie (In re Storie), 216 B.R. 283, 288 (10th Cir. BAP 1997). In this case, there was no fiduciary duty, so there could be no breach of that fiduciary

---

[2] See also Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934): "It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto."

Page -6-

duty.  In addition, the complaint does not allege that anything was "entrusted" to Defendant.  The complaint fails to state a claim for relief for breach of fiduciary duty under section 523(a)(4).

Embezzlement

To establish the embezzlement exception to discharge, the creditor must prove: 1) the debtor lawfully came into possession of the creditor's property or funds, 2) that the debtor appropriated the funds for his or her own benefit, and 3) that he or she did so with fraudulent intent or deceit.  Peavey Electronics Corp. v. Sinchak (In re Sinchak), 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990)(Citations omitted.)

Nowhere does the complaint allege that Defendant came into any property belonging to Plaintiff, that he appropriated it for his own benefit, or that he had fraudulent intent.  The complaint fails to state a claim for relief for embezzlement under section 523(a)(4).

Larceny

To establish the larceny exception to discharge, the creditor must prove: 1) that the debtor fraudulently and wrongfully took and carried away the property of the creditor, 2) that the debtor intended to convert the property to his or her own use, and 3) that he did so without the consent of the owner.

Page -7-

Case 07-01136-s    Doc 14    Filed 03/19/08    Entered 03/19/08 11:01:36 Page 7 of 11

Bryant v. Lynch (In re Lynch), 315 B.R. 173, 179 (Bankr. D. Colo. 2004). (Citations omitted.)

Nowhere does the complaint allege that Defendant took and carried away the property of the Plaintiff, or that he intended to convert Plaintiff's property to his own use. The complaint fails to state a claim for relief for larceny under section 523(a)(4).

**Section 523(a)(6)**

To establish that a claim is nondischargeable under Section 523(a)(6), the creditor must prove that debtor caused a deliberate or intentional injury to the creditor or his property. Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 61 (1998) ("[N]ondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.")(Emphasis in original.) Debts resulting from recklessness or negligence do not fall within § 523(a)(6). Id. at 64.

Paragraph 7 of the complaint can reasonably be construed to allege that Defendant deliberately or intentionally sought to injure Plaintiff, and therefore acted wilfully. However, the Complaint's Exhibit 1 (Decision and Findings of Fact and Conclusions of Law), Findings of Fact ¶ 59 states: "Baker's breach of the covenants not to compete between June 1, 2002 and November 1, 2002 was not reckless, malicious, or in bad faith

Page -8-

because of his good faith reliance upon advice of counsel." And, Exhibit 1, Conclusion of Law ¶ 7 states: "Both Defendants reasonable [sic] relied upon advice of counsel and neither's conduct was wanton, malicious, reckless, oppressive, fraudulent or in bad faith and therefore neither Plaintiff is awarded punitive damages or attorney's fees."  This is not a case in which the state court had no occasion to rule on what has turned out to be the elements of section 523(a)(6).  Compare <u>Brown v. Felsen</u>, 442 U.S. 127, 134-39 (1979).  Rather, the Court may rely on the doctrine of collateral estoppel to determine whether the predicate factual elements of the cause of action have already been determined.  <u>Id.</u> at footnote 10.

In addition to Defendant being collaterally estopped from relitigating the issues of the state court lawsuit, so should Plaintiff.  The state court found no bad conduct in the breach of covenant case.  The Bankruptcy Court is bound by those findings and conclusions.  See <u>Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek)</u>, 983 F.2d 1524, 1528 (10th Cir. 1993)(Breach of covenant not to compete was not "willful or malicious" so debt arising therefrom was dischargeable.)  The complaint fails to state a claim for relief under section 523(a)(6).

**<u>CONCLUSION</u>**

Viewing Plaintiff's complaint in the most favorable light, the Court finds that this controversy is a simple breach of

Page -9-

Case 07-01136-s    Doc 14    Filed 03/19/08    Entered 03/19/08 11:01:36 Page 9 of 11

contract claim over which the state court found no egregious conduct on the part of the defendant. This does not make a non-dischargeable debt. Plaintiff's complaint should be dismissed. A separate Order will enter dismissing the complaint.

**ATTORNEY FEES**

Defendant's Motion to Dismiss, ¶ 6 alleges "Plaintiff had no reasonable good faith belief in the merits of its adversary complaint herein and Defendant should be awarded his reasonable attorney's fees and costs defending this action."

> Under the "American Rule" applied in federal litigation, a prevailing party is not ordinarily entitled to collect attorney's fees from his opponent. <u>Alyeska Pipeline Serv. Co. v. Wilderness Society</u>, 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). This general rule applies to bankruptcy litigation. <u>In re Reid</u>, 854 F.2d 156, 161-62 (7th Cir. 1988); <u>All Am. of Ashburn v. Fox (In re Fox)</u>, 725 F.2d 661, 662 (11th Cir. 1984). However, there are two major exceptions to the "American Rule": (1) the rule is abrogated when the parties have entered a contract that shifts attorney's fees, and (2) the rule is abrogated when a statute provides for fee shifting. <u>Bennett v. Coors Brewing Co.</u>, 189 F.3d 1221, 1237-38 (10th Cir.1999).

<u>Busch v. Hancock (In re Busch)</u>, 369 B.R. 614, 624-25 (10th Cir. BAP 2007). Defendant has not alleged a contract provision that would award him attorney fees in this case. But, attorney fee awards in dischargeability litigation is governed by section 523(d), which provides:

> If a creditor requests a determination of dischargeability of a <u>consumer debt</u> under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor

Page -10-

for the costs of, and a reasonable attorney's fee for,
the proceeding if the court finds that the position of
the creditor was not substantially justified, except
that the court shall not award such costs and fees if
special circumstances would make the award unjust.

(Emphasis added.)  The debt in this case is not a "consumer debt" as defined in Bankruptcy Code section 101(8).  Therefore, no fee award is authorized.  The American Rule applies, and each party will bear its own fees and costs.

                                      Honorable James S. Starzynski
                                      United States Bankruptcy Judge

Date Entered on Docket:  March 19, 2008

copies to:

Eric D Dixon
301 S Avenue A
Portales, NM 88130-6288

Wesley O Pool
PO Box 410
Clovis, NM 88102-0410